# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REALTIME DATA, LLC d/b/a IXO,<br><br>                                  Plaintiff,<br>vs.<br><br>METROPCS TEXAS, LLC, et al.,<br><br>                                Defendants. | CASE NO. 12cv1048-BTM (MDD)<br><br>ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO COMPEL<br><br>[DOC. NO. 1] |

      Before the Court is Plaintiff's motion to compel a third-party, Ortiva Wireless ("Ortiva"), to comply with a subpoena for testimony and a subpoena for documents issued pursuant to Fed.R.Civ.P. 45. (Doc. No. 1). The motion was filed on April 27, 2012. Ortiva responded on May 18, 2012. (Doc. No. 11). With leave of Court, Plaintiff replied on May 23, 2012. (Doc. No. 16). Jurisdiction is proper in this Court as the subject subpoenas were issued here. *See* Rule 45(c)(3)(A).

## Background

      The underlying lawsuit is pending in the United States District Court for the Eastern District of Texas and carries case number 6:10-cv-00493-LED. It is a patent infringement action by Plaintiff against a number of wireless communication companies including Sprint Nextel Corporation ("Sprint"). On July 7, 2011, Plaintiff caused a subpoena *duces tecum* to be issued in this Court to Ortiva pursuant to Rule

45. (Doc. No. 1-3, Exh. 4). Although documents have been produced, Plaintiff and Ortiva are now at odds over whether additional production is required. As discussed below, Plaintiff's motion to compel compliance with the subpoena *duces tecum* is **GRANTED IN PART AND DENIED IN PART.**

On March 6, 2012, Plaintiff caused a second subpoena to be issued to Ortiva in this Court pursuant to Rule 45. This subpoena requires Ortiva to designate one or more persons to provide testimony in particularly described matters. *See* Fed.R.Civ.P. 30(b)(6). (Doc. No. 1-4, Exh. 14). Ortiva has not objected to this subpoena and has not refused to make the appropriate designations and have one or more person appear in connection with the subpoena. (Doc. No. 11 at 13). Accordingly, the Court finds that there is no dispute regarding the March 6, 2012, subpoena. Plaintiff's motion to compel compliance with the deposition subpoena is **DENIED** as premature.

## Discussion

### Legal Standard

The Federal Rules of Civil Procedure generally allow for broad discovery, authorizing parties to obtain discovery regarding "any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). Also, "[f]or good cause, the court may order discovery of any matter relevant to the subject matter involved in the action." *Id.* Relevant information for discovery purposes includes any information "reasonably calculated to lead to the discovery of admissible evidence," and need not be admissible at trial to be discoverable. *Id.* District courts have broad discretion to determine relevancy for discovery purposes. *See Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002). Similarly, district courts have broad discretion to limit discovery where the discovery sought is "unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive." Fed. R. Civ. P. 26(b)(2)(C). Limits also should be imposed where the burden or expense outweighs the likely benefits. *Id.*

In addition to relevance, Rule 45 imposes a requirement upon the party or attorney issuing the subpoena to "take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." Rule 45(c)(1). In conducting this analysis, "non-party status is a significant factor to be considered in determining whether the burden imposed by a subpoena is undue." *Whitlow v. Martin*, 263 F.R.D. 507, 512 (C.D. Ill. 2009). In *Schaaf v. SmithKline Beecham Corp.*, 233 F.R.D. 451, 453 (E.D.N.C. 2005), the district court explained that "in the context of evaluating subpoenas issued to third parties, a court 'will give extra consideration to the objections of a non-party, non-fact witness in weighing burdensomeness versus relevance.'" (*citation omitted*).

With that backdrop, the Court will proceed to the merits of the dispute regarding the subpoena *duces tecum*.

### The Merits

The underlying dispute involves allegations that the Defendants infringed Plaintiff's patents by using certain data compression and data acceleration technology in their communication networks. In connection with this motion, Plaintiff asserts that defendant Sprint deployed technologies obtained from Ortiva in its network. Plaintiff claims, in conclusory fashion, that it must obtain from Ortiva deep technical data, including source code, in connection with proving its infringement case against Sprint. Plaintiff asserts that the requested documents deal directly with the various data compression products from Ortiva utilized in the Sprint network and these products, when utilized in the Sprint network by Sprint, allegedly infringe Plaintiff's patents. (Doc. No. 1-1 at 6). There is no discussion regarding how the use of Ortiva technology would tend to prove that Sprint infringed Plaintiff's patents. Ortiva is not a party and it has not been suggested that Ortiva has infringed Plaintiff's patents. Ortiva, however, has not challenged the subpoena on grounds of relevance, relying instead primarily on the burden imposed in producing its source code.

### 1. Request No. 1

Plaintiff seeks Ortiva documents "sufficient to show the features and functionality of each Compression Server product or service provided to or used by any Defendant." (Doc. No. 1-3, Exh. 4 at 5). Ortiva claims to have produced responsive documents. Plaintiff claims that the responses are insufficient and has provided a list of issues that it would like addressed. (Doc. No. 1-1 at 8). The Court finds that the detailed and technical information requested by Plaintiff in its list goes well beyond its demand for documents "sufficient to show the features and functionality" of Ortiva's products used by Defendants. The term "features and functionality," the Court finds, is subjective and does not suggest the level of detail sought by Plaintiff. As to this request, Plaintiff's motion to compel is **DENIED.** No further response is required.

### 2. Request No. 3

Plaintiff seeks the production of "source code for each Compression Server product or service provided to or used by any Defendant." (Doc. No. 1-3, Exh.4 at 6). Ortiva objects on the grounds of burdensomeness asserting that its source code is a highly confidential trade secret and one of the most valuable assets of Ortiva. (Doc. No. 11 at 8). Ortiva argues that Plaintiff has not made a sufficient showing of necessity to support Ortiva's production of the source code for its products. Plaintiff argues that the source code is necessary to determine technical details regarding how Ortiva's products actually perform compression-related functions. Plaintiff asserts that an element of one of the patent claims at issue in the underlying lawsuit recites compressing the received data stream with a compression technique that includes a plurality of encoders in a parallel stream. (Doc. No. 1-1 at 12). Ortiva claims that to the extent that Plaintiff requires further technical explanations of its products, that it can take the deposition, as has been noticed, of a knowledgeable Ortiva engineer. Plaintiff argues that source code is the best way to determine how a program operates and that Ortiva's concerns are mitigated by a protective order governing the

underlying case.

The Court agrees with Ortiva that production of its source code constitutes an undue burden. Ortiva is not a party and not alleged to be an infringer. Ortiva's concerns regarding the security of its source code, despite the protective order, cannot be ignored. The Court agrees that a deposition of a knowledgeable Ortiva engineer should be sufficient to inform Plaintiff regarding how Ortiva's products work in the Sprint network. As to this request, Plaintiff's motion to compel is **DENIED.** No further response is required.

3. <u>Request No. 6</u>

Plaintiff seeks from Ortiva "[a]ll documents relating to the value, benefits or advantages of each Compression Server product and service provided to or used by any Defendant." (Doc. No. 1-3, Exh. 4 at 6). Ortiva claims to have produced its responsive documents and also claims that Sprint has produced documents that would be responsive. Plaintiff asserts that it is entitled to Ortiva's full response regardless of any production from Sprint. Plaintiff asserts that the documents are relevant to the extent that they would shed light on Sprint's internal cost structures and decision to implement the Ortiva technologies. Although the relevance appears marginal, at best, Ortiva has not objected on those grounds. Plaintiff is entitled to these documents from Ortiva even if identical documents have been produced by Sprint. As to this request, Plaintiff's motion to compel is **GRANTED**. All responsive documents must be produced.

4. <u>Request No. 7</u>

Plaintiff seeks from Ortiva return-on-investment documents relating to its Compression Server products. Ortiva objects and claims that it is has no responsive documents regarding the products and services deployed at Sprint. This is a sufficient response. As to this request, Plaintiff's motion to compel is **DENIED.** No further response is required.

5.      Request No. 8

Plaintiff seeks from Ortiva documents relating to data traffic reduction analysis for its Compression Server products.  Ortiva objects and claims that it is has no responsive documents regarding the products and services deployed at Sprint.  This is a sufficient response.  As to this request, Plaintiff's motion to compel is **DENIED.**  No further response is required.

6.      Request No. 9

Plaintiff seeks from Ortiva documents relating to any cost of ownership savings analysis for its Compression Server products. Ortiva objects and claims that it is has no responsive documents regarding the products and services deployed at Sprint.  This is a sufficient response.  As to this request, Plaintiff's motion to compel is **DENIED.**  No further response is required.

## Conclusion

The Court **DENIES** as premature Plaintiff's motion to compel regarding the deposition subpoena served upon Ortiva.  The Court **GRANTS IN PART AND DENIES IN PART** Plaintiff's motion to compel further responses to the subpoena *duces tecum* served upon Ortiva as provided above.  To the extent that the Court has ordered additional documents to be produced, such production must occur within fourteen (14) days of the date of the Order, absent further Order of this Court. Ortiva's request that Plaintiff be required to reimburse Ortiva for costs and fees incurred in responding to this motion is **DENIED**.

IT IS SO ORDERED.

DATED: May 25, 2012

Hon. Mitchell D. Dembin
U.S. Magistrate Judge